UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCOTT ALTER,<br><br>Plaintiff,<br><br>v.<br><br>MITCH MCCONNELL,<br><br>Defendant. | Case No. 2:23-cv-05785-ODW-PD<br><br>**FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Final Report and Recommendation is submitted to the Honorable Otis D. Wright, II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.[1]

---

[1] This Final Report and Recommendation ("Final Report") addresses an argument in the Second Amended Objections filed by Plaintiff to the section in the Initial Report and Recommendation ("Initial Report") regarding venue. [Dkt. Nos. 29, 32 at 1-2.] Because Defendant is an officer or employee of the United States, the First Amended Complaint may be brought in this district since no real property is involved. *See* 28 U.S.C. § 1391(e)(1)(C). The Court therefore withdraws Section V. C of the Initial Report, which erroneously concluded that venue is not proper in this district. This Final Report is identical to the Initial Report with one exception: The Final Report omits the venue discussion. The Recommendation that the First Amended Complaint be dismissed with prejudice remains unchanged.

## I. Summary of Recommendation

Plaintiff Joseph Scott Alter ("Plaintiff"), a California resident proceeding pro se, filed a document labeled "First Amended Complaint for Declaratory Judgment" against Defendant Dirty Rotten Scoundrel, Senate Minority Leader Mitch McConnell ("Defendant" or "Senator McConnell"), seeking declaratory judgment and requesting this Court to declare that Defendant more likely than not violated his oath of office. [Dkt. No. 11.] It is recommended that the First Amended Complaint be dismissed without leave to amend and that the action be dismissed with prejudice.

## II. Pertinent Procedural History

On July 14, 2023, Plaintiff filed a complaint for declaratory judgment and damages against Senator McConnell. [Dkt. No. 1.] Plaintiff's allegations concern Senator McConnell's failure to convict and impeach former President Donald Trump. [Id. at 2-6.] Plaintiff alleges that on January 13, 2016 [sic], Majority Leader Nancy Pelosi signed the Second impeachment of Donald Trump and forwarded it to the Senate. [Id. at 3.] Plaintiff alleges that "after the hearing was completed in the Senate, (then) Majority Leader Mitch McConnell made the case that President Trump *was* guilty, though [McConnell] cited the fact that President Trump (who was President when he was impeached in the House), was no longer the President of the United States, and therefore could not be impeached, and fellow Republican members of the Senate likewise failed to convict him based on that same belief." [Id.] Plaintiff alleges that "this action clearly violated their oaths of office and was an act of brazen political brute force orchestrated in their own self-interest." [Id.]

Plaintiff asserted claims for "relief for abuse of power, violations of oath of office and other allegations." [Id. at 5.] He requested the Court to, among other things, declare that this lawsuit is protected free speech under the First

Amendment and or *303 Creative v Elenis,* [600 U.S. 570 (2023)], and is entitled to Fifth Amendment due process without fear, reprisal, or penalty; that Senate Republicans were wrong about their characterization of the law, that they could have convicted, and still can convict Former President Donald Trump in the Senate; that McConnell and other Republican Senators and Members of the House who did not vote to convict were not acting in their duties to the Senate, their Oaths of office, and can or possibly should, be held to personal account, and/or impeached; and grant other relief such as a "Billion Trillion Dollars." [Id. at 5.]

On August 31, 2023, the Court issued an Order to Show Cause Why Plaintiff's Complaint Should Not be Dismissed. [Dkt. No. 8.] The Court screened the Complaint and found that it appeared barred by sovereign immunity and that Senator McConnell is immune from suit under the Speech or Debate Clause of the United States Constitution. [Id.]

On September 30, 2023, Plaintiff filed a First Amended Complaint. [Dkt. No. 11.] The Court considers this pleading the operative pleading.

### III. Allegations in the First Amended Complaint

In his First Amended Complaint, Plaintiff alleges:

On January 13, 2021, Majority Leader Nancy Pelosi signed the Second impeachment of Donald Trump and forwarded it to the Senate. [Dkt. No. 11 at 1.] After the Senate hearing was completed, the former Majority Leader Mitch McConnell, plainly articulated that President Trump was guilty as charged, but said he would be held to account in other ways, in other forums and did not vote to convict. [Id.] Plaintiff asserts that the actions of Defendant and other fellow conspirators have caused our democracy real harm and thrown the country into chaos and disunity by their failure to do their sworn duty and convict a guilty man. [Id.]

3

Plaintiff alleges that venue is proper in this district because he is domiciled within this judicial district. [Id.] Plaintiff does not seek damages. [Id. at 2.] Plaintiff asserts claims for "relief for violations of oath of office." [*Id.* at 3.] He alleges that Senator McConnell plainly articulated President Trump's guilt but failed to vote to convict, which Plaintiff views as a violation of Senator McConnell's oath of office which states his duty to protect Congress and the Constitution from all enemies foreign and domestic. [Id.] Plaintiff requests the Court to declare that Senator McConnell more likely than not violated his oath of office. [Id.]

## IV. Standard of Review

When a complaint clearly does not state a claim upon which the court can grant relief, a court may dismiss the case on its own ("*sua sponte*"), at the outset, without leave to amend. *See Reed v. Lieurance*, 863 F.3d 1196, 1207-08 (9th Cir. 2017) (a trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)); *see also Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (Fed. R. Civ. P.12(b)(6) permits a court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." ); *Wong v. Bell,* 642 F.2d 359, 361-62 (9th Cir. 1981) (same).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The Court does not,

however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

**V.   Discussion**

    **A.   Senator McConnell is Immune from Suit Under the Speech or Debate Clause of the United States Constitution**

Individual Members of Congress are immune from suit under the Speech or Debate Clause of the United States Constitution, for conduct that falls within the sphere of legitimate legislative activity. U.S. Const., Art. I, § 6, cl. 1; *also see, Doe v. McMillan*, 412 U.S. 306, 311 (1973) (the Speech or Debate Clause "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process"); *McCarthy v. Pelosi,* 5 F.4th 34, 39 (D.C. Cir. 2021). The Speech or Debate Clause provides that "for any Speech or Debate in either House, they [Members of Congress] shall not be questioned in any other Place." U.S. Const. Art. I, § 6, cl. 1. The Clause aims to protect "the integrity of the legislative process by insuring the independence of individual legislators." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501 (1975). The Supreme Court has made clear in numerous cases that under the Clause, Members of Congress have absolute immunity for all matters that fall within the "sphere of legitimate legislative activity." *Gravel v. U.S.*, 408 U.S. 606, 625 (1972); *Eastland,* 421 U.S. at 501. Immunity for legislative acts reinforces the separation of powers by protecting the independence of Congress and "prevent[ing] intimidation of legislators by the Executive and accountability before a possibly hostile judiciary." *Gravel*, 408 U.S. at 617.

Plaintiff's allegations concern Senator McConnell's failure to convict and impeach former President Donald Trump. [*See* Dkt. No. 11.] He alleges

that McConnell plainly articulated President Trump's guilt but failed to vote to convict, which Plaintiff views as a violation of McConnell's oath of office which states his duty to protect Congress and the Constitution from all enemies foreign and domestic. [Id. at 3.] Because Senator McConnell was "acting within the 'legitimate legislative sphere[,]' the Speech or Debate Clause is an absolute bar to interference" and Senator McConnell is immune from suit. *See Eastland,* 421 U.S. at 503. Accordingly, Plaintiff's claims against Senator McConnell are barred under the Speech and Debate Clause of the U.S. Constitution.

### B. Plaintiff's Claims Are Barred by the Doctrine of Sovereign Immunity

To the extent that Plaintiff sues Senator McConnell in his official capacity, his claims are barred by the doctrine of sovereign immunity. It is well settled that the United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued. *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941); *see FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of the federal government's sovereign immunity "cannot be implied but must be unequivocally expressed." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Any such waiver will be "strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996).

In general, agencies and officers of the United States of America cannot be sued unless Congress has waived the sovereign immunity of the United States. *Munns v. Kerry,* 782 F.3d 402, 412 (9th Cir. 2015). "[A]ny waiver must be unequivocally expressed in statutory text ... and will not be implied." *Id.* (citation omitted; alteration and ellipsis in original). The plaintiff bears the burden of establishing the existence of such a waiver, absent which "courts have no subject matter jurisdiction over cases against the [federal] government." *Id*. (alteration in original). The bar of sovereign immunity

"applies alike to causes of action arising under acts of Congress and to those arising from some violation of rights conferred upon the citizen by the Constitution." *Lynch v. United States*, 292 U.S. 571, 582 (1934) (citations omitted).

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide a waiver of sovereign immunity. *See e.g., Pine Bar Ranch LLC v. Acting Regional Director, Bureau of Indian Affairs*, 2011 WL 2268480, at *2 (D. Mont. June 7, 2011); *Grondal v. U.S.*, 682 F.Supp.2d 1203, 1218 (E.D. Wash. 2010). Likewise, the Mandamus Act, 28 U.S.C. § 1361, does not waive sovereign immunity. *See Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999); *Smith v. Grimm*, 534 F.2d 1346, 1353 n. 9 (9th Cir. 1976).

Accordingly, absent a waiver of sovereign immunity, Plaintiff's claims against Senator McConnell are barred and subject to dismissal.

### C. The First Amended Complaint Should Be Dismissed Without Leave to Amend

Plaintiff was granted an opportunity to amend his complaint. The allegations in his First Amended Complaint, however, fail to state a claim against Senator McConnell. Dismissal of a pro se complaint without leave to amend is proper if it is "'absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1445, 1448 (9th Cir. 1987); s*ee also, Gonzalez v. Planned Parenthood of L.A.,* 759 F.3d 1112, 1116 (9th Cir. 2014) (a "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend" (internal quotation marks omitted)). Here, Plaintiff's claims arise out of acts for which Senator McConnell enjoys immunity, and this Court cannot grant Plaintiff the relief that he seeks. Any amendment is therefore futile and leave to amend is unwarranted.

**VI.    Recommendation**

For these reasons, it is recommended that the District Judge issue an Order: (1) accepting this Final Report and Recommendation; and (2) directing that judgment be entered dismissing the First Amended Complaint with prejudice.

DATED: February 27, 2024

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the Dkt. number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.